No. 38,677

In re Estate of Schuyler Collins, Deceased. (A. B. WHITE, *Appellee*, v. RAY DANNER, Administrator, *Appellant.*)

(245 P. 2d 167)

Opinion filed June 7, 1952.

*John F. Christner,* of Abilene, argued the cause, and *John M. Rugh,* of Abilene, was with him on the briefs for the appellant.

*Robert H. Royer,* of Abilene, argued the cause, and *Paul H. Royer,* of Abilene, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a landlord against the administrator of his tenant's estate to recover damages on three counts.

The first and second causes of action were based on the charge the tenant negligently burned the leased rooming house and its contents. In the third cause of action recovery was sought for the value of a barn located on the leased premises which plaintiff alleged the tenant dismantled and used for heating purposes.

The defendant appeals from certain adverse orders involving plaintiff's amended petition. We shall continue to refer to the parties as plaintiff and defendant.

The original petition contained only a general allegation the fire was caused by the tenant's negligence. It failed to allege the nature or character of any particular act of negligence. Defendant motioned the petition requesting it be made more definite and certain in the following manner:

"1. By stating with exactness how, where and by what method or instrumentality Schuyler Collins set fire to the dwelling house as alleged in said first cause of action.

"2. By stating with exactness what person or thing was caused to set fire to said dwelling by Schuyler Collins, and how, where and by what means did the said Collins cause said person or thing to set said fire as alleged in said first cause of action."

The motion was sustained. The amended petition did not strictly comply with the order insofar as alleging the precise thing, instrumentality, method or means by which the fire was caused but among other things stated plaintiff was without knowledge of the specific act or acts of the tenant's negligence; that such facts were inaccessible to him but that the tenant and his representative (the administrator) ". . . knew, know or should know, or have the means of ascertaining the true cause of the fire, and evidence as to the negligent act or acts is peculiarly within their knowledge."

The amended petition further alleged:

"That the matches, kerosene cooking stove, wood heating stove, cigarettes and other primary sources of fire in said house were all under the exclusive control or right of control of Schuyler Collins."

For a treatment of defendant's first assignment of error we need not deal with other averments of the amended petition.

Defendant thereafter challenged the amended petition by a single instrument which he chose to denominate, "Motion and Demurrer." In it he first requested the court to strike the amended petition from the files for the reason it failed to comply with the court's order sustaining his motion to the original petition. This motion to strike the entire amended petition from the files was overruled and this ruling constitutes defendant's first assignment of error.

We need not unduly labor this alleged error. In the first place plaintiff's failure to comply with the court's order as to counts one and two did not justify striking the entire amended petition from the files as it included a third cause of action which defendant in nowise challenged. Furthermore, the ruling with respect to the first and second causes of action rested in the sound judicial discretion of the trial court. Such a ruling ordinarily is not a final or appealable order. (*Hendricks v. Wichita Federal Savings & Loan Ass'n,* 157 Kan. 651, 143 P. 2d 780.) We also pause to observe the record discloses no indication of an attempt by plaintiff's attorneys to disobey or arbitrarily ignore the court's previous order and obviously the trial court did not so construe their action. In view of the various allegations of the amended petition it became apparent for the first time, on the face of the pleading, that plaintiff was relying for recovery on the doctrine of *res ipsa loquitur.* The trial court refused to enforce strictly its previous order. Manifestly in the light of these facts we cannot say the court's refusal to strike the amended petition from the files, on the ground urged, constituted an abuse of sound judicial discretion.

We now reach defendant's second assignment of error. It is the court erred in overruling his general demurrer to the first and second causes of action set forth in the amended petition. It should be observed at the outset this is not the petition on which the action is now pending for trial in the district court. This appeal presents an important procedural question which the court does not desire to ignore. In order to understand clearly the situation it is necessary to refer again to defendant's instrument denominated "Motion and Demurrer" by which he challenged the amended petition. That instrument, in addition to requesting the striking of the amended petition from the files, which request we have treated, contained a motion to make that petition more definite and certain as to particular matters, to strike various portions thereof and also embraced a general demurrer to the first and second causes of action. The court considered these motions and the demurrer in their regular order. As previously stated it overruled the motion to strike the entire amended petition from the files. It then sustained in part defendant's motion to make definite and certain and denied it in part. It overruled his motion to strike various portions of that petition. Having already ordered plaintiff to make the amended petition more definite and certain that petition, in its old form, was no longer subject to attack by demurrer and the court naturally over-

ruled the demurrer. Manifestly the court would not in an orderly procedure seriously consider sustaining a demurrer to a pleading after having first ordered such pleading to be made more definite and certain at the request of the defendant. That is generally true and especially so where, as here, the court required plaintiff to amend the amended petition by stating not only the date of the tenancy agreement and whether it was oral or in writing but also to state the nature of the lease agreement. Obviously the terms of the agreement might materially affect the tenant's duties and liability.

Nevertheless it is from the order overruling the demurrer to the amended petition after the court ordered such petition to be amended, and before such amended pleading was filed, that the defendant attempts to appeal. In fact the second amended petition was not filed until after the instant appeal had been perfected. If defendant desired a ruling on the legal sufficiency of the petition on which the action was to be tried he should have interposed his demurrer to the second amended petition after it was filed. In amending a petition, prior to the filing of an answer, a plaintiff has the right to amend it not only as to the particular matter directed by the court but in any other respect he may deem proper.

Our civil code, of course, does not recognize an attack on a pleading by a single instrument denominated, "Motion and Demurrer." Entirely aside from that fact, however, it manifestly never was contemplated a defendant, by such procedure, should be permitted, on his own motion, to obtain first an order to make a petition definite and certain and be permitted thereafter to compel a ruling by the district court and by this court on a demurrer to the old petition prior to its amendment.

Defendant has inserted in his abstract the second amended petition filed after the appeal was perfected. Manifestly we have no right to substitute it for the first amended petition against which the demurrer was directed and there was no demurrer to the last petition. It is no answer to this irregular and unrecognized procedure to argue the legal questions, or most of them, remain the same. We do not desire to pursue that argument. We observe, however, that in addition to the allegations contained in the amended petition relative to the tenant's duty as a caretaker of the building, the second amended petition also alleged the tenant was the caretaker ". . . for the purpose of preventing damage to said premises due to fire, theft, or malicious mischief and to care for the safety of

the house in general by keeping the same locked when he was absent and cleaning up trash left by former tenants. . . ."

Manifestly in the absence of a demurrer to the second amended petition we are not at liberty to comment on the question whether these additional allegations affect the statement of a cause of action and we deliberately refrain from doing so.

To permit the procedure here attempted can lead only to confusion in the district court and on appellate review.

Under the circumstances stated the ruling on the single demurrer presented was proper. The orders of the trial court are affirmed.

HARVEY, C. J., is of the opinion that our final order in this case should read: "The appeal is dismissed as being premature."